PRATT v. GREENWICH & J. RY. CO.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

1. NEGLIGENCE—INJURY TO WIFE—CAUSE OF HERNIA—TRIAL—EVIDENCE.

In an action by a husband for the loss of his wife's services by reason of injuries alleged to be due to defendant's negligence, the court properly charged that there was nothing in the case warranting a conclusion that hernia resulted from a broken rib, which, so far as the evidence showed, was the only injury received, and which, her physician said, healed in a few weeks.

2. SAME—INSUFFICIENT EVIDENCE OF DAMAGES—VERDICT FOUNDED ON CONJECTURE.

In an action by a husband for loss of his wife's services by reason of injuries alleged to be due to defendant's negligence, the evidence of expenses incurred by plaintiff for assistance in his family did not show that they were rendered during the few weeks that she was healing, and, from the amount paid, must have included expenses for more than that time; and the evidence of expenses for doctor's treatment did not show what, if any, part of it was for treating her for the particular injury in question. Other evidence of help in the house related to several months after her recovery, and as to the loss of her society it appeared that she was not at any time confined to her bed, but went riding the night after the accident, and frequently thereafter, and was constantly about the house attending to some of her duties. *Held*, that a verdict for $150 was a mere conjecture, unwarranted by the evidence.

Appeal from trial term, Washington county.

Action by Frank S. Pratt against the Greenwich & Johnsonville Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and MERWIN, SMITH, and EDWARDS, JJ.

C. C. Van Kirk, for appellant.

Van Santvoord & Wellington, for respondent.

EDWARDS, J. This action was brought to recover damages for the loss of services of the plaintiff's wife by reason of injuries received by her through the alleged negligence of the defendant. The injuries to the wife are claimed to have been sustained in consequence of a fall on May 14, 1896, from the steps of one of the defendant's cars, which suddenly started while she was attempting to alight. The evidence does not furnish any basis for the verdict of $150 rendered by the jury. It does not show that the wife suffered any injury in consequence of the fall, except a broken rib, which, her physician says, healed in two or three weeks. The learned justice before whom the cause was tried properly charged the jury that there was nothing in the case that warranted the conclusion that the hernia was the result of that injury; and that, "if she developed hernia afterwards, it is conceded by counsel that it was not caused by this accident." The strongest effect that can be given to the evidence as to a hyperæsthetic condition, so far as any existed, is that it was only a possible consequence of the injury. At the time of the accident the plaintiff's wife was about 26 years of age, and during the two or three weeks while the rib was healing she was not at any time confined to her bed, but went riding the night after the accident, and frequently thereafter, and was constantly about the house attending to some of her household duties. Her claim for personal injuries was settled by the defendant. There is nothing in the evidence from which the jury could award any damages to the plaintiff for the loss of the society of his wife, and only such damages were recoverable as resulted from the loss of his wife's services and for expenses incurred in her treatment. Of these damages the evidence fails to furnish any items as a basis for the verdict rendered. The only evidence of expenses for assistance in the family is that of the plaintiff and his wife, who say that he had paid in different sums at different times to one girl $45, that he had paid for washing and ironing several times, and that the girl working for him at the time of the trial "has had some money along," but they do not state for what period the $45 was paid, or how much, if any part of it, was for services rendered during the two or three weeks that the rib was healing. If it included that period, we may say from common knowledge that only a small portion of it was for that time. The other assistance in the family was that of the aunt and the mother-in-law. The plaintiff says that the aunt's board while she was assisting his wife was worth two dollars a week, but she did not come there until the fall of 1896, several months after his wife had recovered from the effect of the injury. The mother-in-law lived in a part of the house, and sometimes came in to help do the baking and other work, and at such times had her meals there; but whether any part of that work was during the two or three weeks after the accident does not appear. The evidence of expenses incurred for treatment is that of the plaintiff and the physician, Dr. Fox. The plaintiff's wife had other illness after this injury, for which she was treated by Dr. Fox, and he testified that his services were worth $50, for which he had not been paid, but does not state what part was for treatment of the broken rib. The plaintiff testified, "I think I have paid Dr. Fox thirty-five dollars in money;" but he does

not say that it was for services in treating his wife for a broken rib, or what, if any, part of it was for such services. Although the amount of the verdict is not large, it is unwarranted by the evidence, and the defendant should not be compelled to pay damages which are not shown to have resulted from the injury. It is evident that the amount found by the jury was a mere conjecture.

The judgment and order should be reversed, and a new trial granted, with costs to abide the event. All concur.